**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4366

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID B. EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:06-cr-00211)

Submitted: September 11, 2007    Decided: September 13, 2007

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Jeffrey Vollmer, GOODWIN & GOODWIN, LLP, Charleston, West Virginia, for Appellant. Monica Lynn Dillon, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David B. Evans pled guilty pursuant to a written plea agreement to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000).  Evans was sentenced by the district court to eighteen months' imprisonment.  Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but contending that counsel provided ineffective assistance and that Evans' sentence is unreasonable.  Evans was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responsive brief.

Evans contends his counsel was ineffective for failing to note an appeal.  He further contends that counsel improperly advised Evans that he would receive probation.  An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000).  See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)).  Because the record does not

conclusively establish that counsel was ineffective, we conclude Evans' claims are not cognizable on appeal.

Evans additionally contends that his sentence is unreasonable because the court relied on the 100:1 crack to powder cocaine ratio and failed to adequately consider his medical conditions. However, the district court appropriately calculated the advisory guideline range and considered it in conjunction with other relevant factors under the Guidelines and 18 U.S.C. § 3553(a) (2000). See United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). The court additionally considered the Presentence Investigation Report, which extensively detailed Evans' mental and physical health issues. Though Evans argues that the district court should have disregarded the 100:1 ratio in determining an appropriate sentence, this argument is foreclosed by United States v. Eura, 440 F.3d 625, 630-34 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 20, 2006) (No. 05-11659). Thus, Evans' eighteen-month sentence, which is at the bottom of the applicable Guidelines range and well below the statutory maximum, is reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

appeal.  Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED